1  Rhonda H. Wills
2  California Bar No. 323435
   WILLS LAW FIRM, PLLC
3  1776 Yorktown, Suite 570
   Houston, Texas 77056
4  Telephone: (713) 528-4455
   Facsimile: (713) 528-2047
5  rwills@rwillslawfirm.com

6  ATTORNEY FOR PLAINTIFF
7  TEDDY MILLER AND THE PUTATIVE CLASS
   AND COLLECTIVE ACTION MEMBERS

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12

13 TEDDY MILLER, Individually and on Behalf
   of all Others Similarly Situated,
14
                                                 Case No. 19-8327
15        Plaintiff,
                                                 **PLAINTIFF'S ORIGINAL COMPLAINT**
16            vs.
                                                 **CLASS AND COLLECTIVE ACTION**
17 WELLS FARGO & COMPANY and WELLS
   FARGO BANK, N.A.,
18                                                  1. Violations of New York Labor Laws
          Defendants.                                 and New York Codes, Rules and
19                                                    Regulations, 12 NYCRR § 142-2.2,
                                                      NYLL § 652(1), NYLL §§ 190 and
20                                                    191, and NYCRR § 142-2.6
21
                                                    2. Violations of Fair Labor Standards
22                                                    Act, as amended, 29 U.S.C. § 201, *et
                                                      seq*.
23

24                                               **DEMAND FOR JURY TRIAL**

25

26

27

28

Plaintiff Teddy Miller, individually and on behalf of all others similarly situated, files this Original Complaint against Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo" or "Defendants") and in support thereof would show as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

2.      Venue as to each Defendant is proper in the San Francisco Division of the Northern District of California pursuant to 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District and in this Division. Defendant Wells Fargo & Company also maintains its corporate headquarters in San Francisco, California.

### INTRADISTRICT ASSIGNMENT

3.      A substantial part of the events or omissions which give rise to the claims occurred in San Francisco County in the San Francisco Division, and therefore this action is properly assigned to the San Francisco Division pursuant to Local Rule 3-2(c), (d).

### PARTIES

**PLAINTIFFS**

4.      Plaintiff Teddy Miller was employed by Wells Fargo in the State of New York within the meaning of 29 U.S.C. § 203(e), and within the meaning of NYLL §§ 190(2), 651(5) and 12 NYCRR § 142-2.14, as a mortgage loan officer from approximately September 17, 2018 to approximately August 8, 2019. Mr. Miller's Notice of Consent is attached hereto and is being filed herewith.

5.      The class and collective action members are those employees similarly situated to the Plaintiff as set forth above.

**DEFENDANTS**

6.      Defendant Wells Fargo & Company is a Delaware Corporation that has its corporate headquarters, principal place of business and nerve center in San Francisco, California.   The executive and administrative functions of Wells Fargo & Company are performed in San Francisco,

**PLAINTIFF'S ORIGINAL COMPLAINT**

California.  Wells Fargo & Company is a citizen of the State of California.

7.    Defendant Wells Fargo Bank, N.A. does business in the State of California. Wells Fargo Bank, N.A. is a citizen only of South Dakota, where its main office is located.

8.    Upon information and belief, each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to all Defendants. Furthermore, Defendants acted as the employer and/or joint employer of Plaintiff and those similarly situated.

9.    Defendants in this case engaged in an integrated enterprise as it relates to Plaintiff and those similarly situated.  They had an interrelation of pertinent operations, common management, and centralized control of labor relations, and Wells Fargo & Company had ownership and financial control over Wells Fargo Bank, N.A.  In fact, a single head of Human Resources (of both Wells Fargo Bank, N.A. and Wells Fargo & Company), presided over the wage and timekeeping and other aspects of the employment relationship as it relates to Plaintiff and those similarly situated.

10.    In a joint submission to the Federal Reserve and the Federal Deposit Insurance Corporation, Wells Fargo & Company stated that Wells Fargo Bank, N.A. "represents nearly 90% of the Company's [Wells Fargo & Co.] consolidated assets and contributes the majority of the Company's consolidated revenues and net earnings.  Wells Fargo Bank, N.A. is involved with all of the Company's critical operations, either directly or through one or more of its subsidiaries, and the majority of the Company's core business lines."

11.    There is a seamless flow of corporate officers between Wells Fargo & Company and Wells Fargo Bank, N.A. that demonstrates Wells Fargo & Company's control and management over Wells Fargo Bank, N.A.

12.    During the relevant time, each of the Defendants exercised control over the wages and hours and working conditions of Plaintiff and those similarly situated; suffered or permitted Plaintiff and those similarly situated to work; and engaged Plaintiff and those similarly situated to work.

**PLAINTIFF'S ORIGINAL COMPLAINT**

13.     Each of the Defendants retained the right of control and exercised that right of control over the manner, means and method by which Plaintiff and those similarly situated accomplished the results of their work.

14.     Wells Fargo & Company devised and created the Team Member Handbook, and Wells Fargo & Company and Wells Fargo Bank, N.A. jointly enforced the Team Member Handbook and jointly communicated its contents to Plaintiff and those similarly situated.  The Team Member Handbook provides rules and conditions of employment for Plaintiff and those similarly situated, and constitutes one way, but not the only way, in which Wells Fargo & Company and Wells Fargo Bank, N.A. exercised control over Plaintiff and those similarly situated.

15.     Wells Fargo & Company exercised control over Plaintiff and those similarly situated that exceeds the control normally exercised by a parent company.

16.     Wells Fargo & Company devised, implemented, administered and enforced the payroll engine and timekeeping system for Plaintiff and those similarly situated that effected the violations described herein.

17.     Defendant Wells Fargo & Company has numerous wholly-owned subsidiaries (including Defendant Wells Fargo Bank, N.A.) through which Defendant Wells Fargo & Company directs its daily affairs, and over whom Wells Fargo & Company exercises direction and control. Wells Fargo Bank, N.A.'s operations constitute an integral part of Wells Fargo & Company's business operations.

**OVERVIEW**

18.     Plaintiff brings this action to recover overtime compensation, minimum wages and other wages, litigation expenses, expert witness fees, attorneys' fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, all other available statutory remedies, equitable remedies and injunctive relief under the provisions of the New York Labor Laws ("NYLL") and the New York Codes, Rules and Regulations ("NYCRR"), as well as the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA").

**PLAINTIFF'S ORIGINAL COMPLAINT**

19.    Plaintiff Teddy Miller is a former mortgage loan officer who was classified by Wells Fargo as a "non-exempt" employee who was entitled to overtime wages and minimum wages under the applicable provisions of New York state laws as well as the FLSA.

20.    The term "mortgage loan officer" as used herein includes all of Wells Fargo's employees who have the job title of "private mortgage banker," "home mortgage consultant," "mortgage loan officer," "mortgage sales associate," "home mortgage assistant," "mortgage closer," "mortgage specialist," "home loan consultant," "mortgage consultant," or any similar title and who performed the same or similar job duties of Plaintiff, were paid on an hourly basis and were classified as non-exempt workers entitled to overtime compensation and minimum wages.

21.    Plaintiff brings individual claims against Defendants for off-the-clock violations stemming from Defendants' failure to pay Plaintiff overtime wages and/or minimum wages in willful violation of New York state laws and the FLSA.

22.    Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23 and seeks to certify a class, the New York Class, that is defined herein.  Plaintiff's and the Class Members' rights were violated under the NYLL and NYCRR for Defendants' failure to pay Plaintiff and the class members regular and/or overtime wages.

23.    Plaintiff also brings this action as a collective action on behalf of all others similarly situated whose rights were violated pursuant to the FLSA for Wells Fargo's failure to pay Plaintiff and those similarly situated Wells Fargo employees regular and/or overtime wages.

## FACTUAL BACKGROUND

24.    Wells Fargo is one of the largest banks in the United States with operations throughout the country, including the U.S. Territories.

25.    Wells Fargo is in the business of providing home mortgage loans.

26.    Wells Fargo employs mortgage loan officers in various states throughout the United States, including New York.

27.    Plaintiff was a full-time employee of Wells Fargo who was scheduled to work 40 hours per week during the relevant time frame and who regularly exceeded 40 hours of worktime per week upon the direction, supervision and knowledge of Wells Fargo.

28.     Plaintiff and those similarly situated performed work as mortgage loan officers and were not paid time and one-half for hours they worked over 40 in a week ("overtime compensation") and minimum wages.

29.     Plaintiff, who was a Wells Fargo mortgage loan officer, was a non-exempt employee entitled to receive overtime compensation.

30.     Plaintiff and those similarly situated frequently worked over 40 hours in a workweek while employed by Wells Fargo

31.     Wells Fargo issued Plaintiff Wells Fargo business cards, and Wells Fargo required that Plaintiff include his cell phone number on his  business cards so that customers could contact Plaintiff at any time.

32.     Wells Fargo required that Plaintiff and those similarly situated conduct off-the-clock-work in the form of: (i) preliminary work prior to their scheduled shifts; (ii) working through all or a portion of their lunch breaks; (iii) postliminary work after their scheduled shifts; and (iv) work on the weekends.

33.     Due to the volume of mortgage files Plaintiff was responsible for at any given time, Plaintiff was required to work on the files off-the-clock in order to ensure an efficient process time for loans as required by Wells Fargo policy and procedure.  Plaintiff would use the laptop Wells Fargo assigned to him to work on mortgage files from home.  Wells Fargo was aware of the large volume of mortgage loans assigned to Plaintiff, that Plaintiff would use a Wells Fargo laptop to work on the files after leaving the office, and the volume of work assigned to Plaintiff required that Plaintiff work well in excess of 40 hours per workweek.

34.     Plaintiff and those similarly situated mortgage loan officers rarely, if ever, were given an uninterrupted meal period during their employment with Wells Fargo.

35.     Plaintiff and those similarly situated often worked through all or a portion of their meal breaks. Plaintiff and all other similarly situated mortgage loan officers are/were required to work during their meal breaks in order to assist customers during lunch time. The time that Plaintiff and all others similarly situated spent working during their "meal break" was generally unpaid.

36.     Plaintiff typically worked 7 days a week, Monday through Sunday.

37.     Wells Fargo's policy and/or practice was to not pay Plaintiff and those similarly situated overtime compensation for hours worked over 40 in a week as required by the FLSA and New York state law.

38.     Plaintiff and those similarly situated are non-exempt current and/or former employees of Wells Fargo who worked overtime hours as mortgage loan officers.

39.     Plaintiff and those similarly situated were compensated on an hourly basis as mortgage loan officers, but they were prohibited from reporting their hours worked over forty in a workweek.

40.     Plaintiff and those similarly situated worked in excess of 40 hours per week as mortgage loan officers without overtime compensation.

41.     Wells Fargo's business operations, and the wages and compensation of Plaintiff and those similarly situated are substantially similar, if not identical, at all Wells Fargo locations.

42.     Wells Fargo knowingly failed to pay overtime to Plaintiff and those similarly situated in violation of the FLSA and New York state law.

43.     Wells Fargo's conduct has been willful and in bad faith. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

44.     Wells Fargo's practice is to be deliberately indifferent to violations of the FLSA and New York state law requirements.

45.     Defendants failed to comply with the NYLL, NYCRR and FLSA in that Plaintiff and those similarly situated were not properly compensated for those hours worked in excess of forty hours within a work week. Plaintiff and those similarly situated were not paid at one and one-half times their regular rates of pay for all hours worked in excess of forty per work week in violation of the NYLL, NYCRR and FLSA.

46.     Defendants further failed to comply with the NYLL because Plaintiff and those similarly situated were required to perform integral work for Defendants during their unpaid meal breaks, and Defendants thus made improper meal deductions from employee paychecks.

47.     Defendants' practice of requiring or permitting its non-exempt employees to perform off-the-clock work, in the form of spending time or conducting activities for the benefit of

Defendants, violates the NYLL, NYCRR and FLSA because Plaintiff and those similarly situated worked more than forty hours per work week without receiving legal compensation.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

48.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

49.     Plaintiff brings the claims herein for violation of the FLSA as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and all similarly situated non-exempt employees of Wells Fargo <u>nationwide</u> at any time within the three years prior to the filing of this action, including all applicable tolling, through the date of the disposition of this matter, who are entitled to, but did not receive, all overtime wages for all hours that they worked in excess of 40 hours in a workweek.

50.     Wells Fargo employs non-exempt employees nationwide and within New York, including non-exempt employees in each of its banking facilities.

51.     Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Wells Fargo have been imposed on other similarly situated workers and seeks to send notice to such other aggrieved employees to give them an opportunity to join this action. Plaintiff requests that Defendants provide the name, address, phone number, job title, and dates of employment for all members of the FLSA collective action so that notice may promptly issue to these similarly situated employees

52.     The collective action, or those who are similarly situated, consists of current and former individuals who worked for Wells Fargo as non-exempt mortgage loan officers, who in the three years preceding the filing of this suit were not paid minimum wages and/or overtime compensation at time and one half for all hours they worked over 40 in a workweek in violation of the FLSA.

53.     Plaintiff and those similarly situated shared common job duties and responsibilities as mortgage loan officers. Thus, Plaintiff's experiences are typical of the experience of Wells Fargo's other mortgage loan officers.

**PLAINTIFF'S ORIGINAL COMPLAINT**

54.     Wells Fargo promulgated compensation policies and practices that uniformly violate the wage and hour rights of a collective group of similarly situated non-exempt mortgage loan officers by requiring them to perform integral and indispensable job activities without compensation, also known as "off-the-clock" work.

55.     Like other mortgage loan officers at Wells Fargo nationwide, Plaintiff was a non-exempt mortgage loan officer at Wells Fargo during the relevant time period who was entitled to, but did not receive, all overtime wages for all hours that he worked in excess of 40 hours in a workweek.

56.     With respect to mortgage loan officers, Wells Fargo uses the same or very similar job description, job qualifications, operating policies, human resources policies, job functions and pay practices at all Wells Fargo banking facilities nationwide.

57.     Wells Fargo mortgage loan officers are non-exempt employees who are paid on an hourly basis pursuant to uniform policies, procedures, and practices nationwide.

58.     Wells Fargo's business operations, and the job duties, working conditions, wages and compensation of Plaintiff and all other mortgage loan officers are substantially similar, if not identical, at all of Wells Fargo's locations throughout the country.

59.     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

60.     Plaintiff brings these claims on his own behalf and on behalf of all other similarly situated mortgage loan officers who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Wells Fargo.

61.     Plaintiff requests that Wells Fargo fully identify all others similarly situated so that proper notice of their right to consent to participation in this collective action may be distributed.

62.     Plaintiff seeks to represent those similarly situated who provide consent in writing to join this action as required by 29 U.S.C. § 216(b).

63.     Copies of the written consents to sue for those individuals who choose to opt in are incorporated herein by reference.

64.     Plaintiff will fairly and adequately represent and protect the interests of those who

- 8 -

are similarly situated.

## RULE 23 ALLEGATIONS – NEW YORK

65.     Plaintiff Teddy Miller brings New York state law claims individually and on behalf of a class of all non-exempt mortgage loan officers who were, are or will be employed by Wells Fargo in the State of New York during the relevant time period and who worked without receiving all overtime compensation and/or minimum wages owed (the "New York Class").

66.     Plaintiff brings these claims for relief for violation of the NYLL and NYCRR as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67.     Plaintiff Teddy Miller is the representative for the New York Class.

68.     During the requisite statutory period under New York law, Plaintiff Teddy Miller, a member of the New York Class, worked in excess of 40 hours per workweek without receiving overtime compensation at time and one-half his regular rate of pay for all hours over 40 in a week and/or without receiving the minimum wage.

69.     *Numerosity*.  The New York Class is so numerous that joinder of all members is impracticable.  Upon information and belief, Wells Fargo has employed hundreds, if not thousands, of persons who meet the definition of the New York Class.

70.     *Commonality*.  Common questions of law and fact exist as to members of the New York Class, including but not limited to the following: (a) whether Wells Fargo failed to pay its mortgage loan officers in New York the minimum wage for all hours worked (b) whether Wells Fargo failed to pay its mortgage loan officers in New York overtime wages for all hours worked in excess of 40 hours in a workweek; and (c) whether Wells Fargo violated the NYLL and NYCRR by failing to pay for such wages.

71.     *Typicality*.  The claims of Plaintiff Teddy Miller are typical of the New York Class members' claims. Plaintiff Teddy Miller, like the other members of the Class, was subject to Wells Fargo's policy and practice of not properly paying its New York non-exempt mortgage loan officers minimum wages and overtime wages in violation of New York state laws.

72.     *Predominance*.  Questions of fact and law common to the New York Class members predominate over any questions affecting only individual members.  Wells Fargo's failure to pay its

mortgage loan officers the minimum wage and overtime wages for all hours worked in excess of 40 hours in a workweek as required by the NYLL and NYCRR results from generally applicable policies or practices and does not depend on the personal circumstances of class members. Thus, the experiences of Plaintiff Teddy Miller are typical of the experiences of the New York Class members because they are non-exempt mortgage loan officer employees of Wells Fargo in New York who sustained damages including non-payment of minimum wages and/or overtime wages as a result of Wells Fargo's common policies and practices.

73. *Adequacy of Representation*. Plaintiff Teddy Miller will fairly and adequately protect the interests of the New York Class members and has retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of the New York Class members. The claims of Plaintiff Teddy Miller are not adverse or in conflict with the claims of the New York Class members.

74. *Superiority*. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expenses that numerous individual actions would entail.

**COUNT I - VIOLATIONS OF NYLL AND NYCRR**
**BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS MEMBERS AGAINST ALL DEFENDANTS**

75. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

76. The New York state law claims of Plaintiff and those similarly situated arise under (1) 12 NYCRR § 142-2.2, which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate;" (2) NYLL § 652(1), which specifies a minimum wage that "[e]very employer shall pay to each of its employees for each hour worked" (emphasis added); and (3) NYLL §§ 190 and 191, which require that employees be compensated at the legal rates for all hours worked.

77. The New York state law claims of Plaintiff and those similarly situated further are actionable pursuant to NYLL § 663, which creates a private right of action to enforce the rights

established by NYLL § 652 and NYCRR § 142-2.2, and which states "[i]f any employee is paid by the employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees." NYLL § 663. The New York state law claims of Plaintiff and those similarly situated are therefore properly maintained pursuant to NYLL § 663.

78.    Defendants have violated NYLL §§ 190 and 191 and 12 NYCRR § 142-2.2 and NYLL § 652(1) by failing to pay Plaintiff and those similarly situated minimum wages and/or overtime compensation at a rate of one and one half times their regular rates of pay for all hours worked in excess of 40 hours per workweek.

79.    Defendants have not made a good faith effort to comply with NYCRR and NYLL.

80.    Defendants' conduct was willful and in bad faith.

81.    Plaintiff and those similarly situated did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forty hours in a work week.

82.    In further violation of the NYCRR, specifically § 142-2.6, Defendants have failed to maintain accurate employee records, including the number of hours worked per work week by Plaintiff and those similarly situated.

83.    No exemption excused Defendants from paying Plaintiff and those similarly situated overtime pay and all wages owed for all the hours worked over forty per work week.

84.    Plaintiff Teddy Miller, individually and on behalf of the New York Class, seeks recovery of all unpaid wages and compensation and benefits, liquidated damages, pre-judgment and post judgment interest, attorneys' fees, litigation expenses and costs to be paid by Defendants, as well as declaratory or injunctive relief.

## COUNT II – VIOLATIONS OF THE FLSA
### BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF COLLECTIVE ACTION MEMBERS AGAINST ALL DEFENDANTS

85.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

86.     Plaintiff and those similarly situated are non-exempt mortgage loan officer employees who were required to work off-the-clock and were not paid proper minimum wages and/or overtime wages for all hours worked over forty in a workweek.

87.     Wells Fargo has violated the FLSA by failing to pay Plaintiff and those similarly situated mortgage loan officers minimum wages and/or overtime compensation at a rate of one and one half for all hours worked in excess of 40 hours per workweek.

88.     Wells Fargo has not made a good faith effort to comply with the FLSA.

89.     Wells Fargo's conduct was willful within the meaning of 29 U.S.C. § 255(a).

90.     In further violation of the FLSA, Wells Fargo has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiff and by those similarly situated employees.

91.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and/or minimum wages owed to Plaintiff and to those similarly situated employees.

92.     Plaintiff, individually and on behalf of members of the FLSA collective action, seeks recovery of all unpaid wages and compensation and benefits, liquidated damages, pre-judgment and post judgment interest, attorneys' fees, litigation expenses and costs to be paid by Defendants, as well as declaratory or injunctive relief.

## PRAYER

WHEREFORE Plaintiff, on behalf of himself and those similarly situated, respectfully prays to recover the following:

   a.     an order preliminarily and permanently restraining and enjoining Defendants from engaging in the aforementioned pay violations;

   b.     damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at one and one-half times the regular rate of pay), and unpaid minimum wages and other injuries, as provided by the NYLL, NYCRR and FLSA;

   c.     liquidated damages;

d.   all applicable penalties for the violations set forth herein;

e.   an award of reasonable attorneys' fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

f.   an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g.   such other and further relief, at law or in equity, as this Court deems just and appropriate.

DATED: December 20, 2019.                    Respectfully submitted,


                                             By:    */s/ Rhonda H. Wills* _____
                                                    Rhonda H. Wills,
                                                    California Bar No. 323435
                                                    WILLS LAW FIRM, PLLC
                                                    1776 Yorktown, Suite 570
                                                    Houston, Texas 77056
                                                    Telephone: (713) 528-4455
                                                    Facsimile: (713) 528-2047
                                                    rwills@rwillslawfirm.com

                                                    ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff demands a trial by jury on all causes of action so triable.

3

4    DATED: December 20, 2019.

5

6                                        By:    */s/ Rhonda H. Wills*     _____

7                                               Rhonda H. Wills
                                                California Bar No. 323435
8                                               WILLS LAW FIRM, PLLC
                                                1776 Yorktown, Suite 570
9                                               Houston, Texas 77056
                                                Telephone: (713) 528-4455
10                                              Facsimile: (713) 528-2047
                                                rwills@rwillslawfirm.com
11
                                                ATTORNEY FOR PLAINTIFF
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S ORIGINAL COMPLAINT**