UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
THOMAS LAU, on behalf of himself :
and similarly situated employees, :
:
      Plaintiff, :
:
v. : Case No. 1:20-cv-03870-AJN
:
WELLS FARGO & COMPANY and :
WELLS FARGO BANK, N.A., :
:
      Defendant. :
---------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR ALTERNATIVELY STAY OR TRANSFER, COUNT II OF THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...............................................................................................................1

BACKGROUND FACTS ...................................................................................................2

    A.       The *Bruno* Action ...............................................................................................2

    B.       The *Lau* Action ..................................................................................................3

ARGUMENT.......................................................................................................................4

    A.       The Standard for Applying The First-Filed Rule.....................................................4

    B.       The Claims and Relief Are Substantially Identical in Both Cases, and the *Lau* Proposed Collective is Encompassed by the *Bruno* Proposed Collective.....................................................................................................................5

    C.       Neither Exception to The First-Filed Rule Applies. .............................................7

            1.       The balance of convenience exception does not apply..............................7

            2.       The special circumstances exception does not apply. ...............................9

    D.       Dismissal, Stay or Transfer. ................................................................................10

CONCLUSION..................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baatz v. Columbia Gas Transmission, LLC*,
    814 F.3d 785 (6th Cir. 2016) ..........................................................................................6

*Burke v. Bimbo Bakeries USA, Inc.*,
    No. 519CV902MADATB, 2019 WL 6068038 (N.D.N.Y. Nov. 15, 2019) ..........................10

*Byron v. Genovese Drugstores, Inc.*,
    No. 10cv3313, 2011 WL 4962499 (E.D.N.Y. Oct. 14, 2011) ................................................5

*Castillo v. Taco Bell of Am., LLC*,
    960 F. Supp. 2d 401 (E.D.N.Y. 2013) ....................................................................... 4, 5, 10

*Columbia Pictures Indus., Inc. v. Schneider*,
    435 F. Supp. 742 (S.D.N.Y. 1977) ......................................................................................5

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
    888 F. Supp. 2d 342 (E.D.N.Y. 2012) ..................................................................................8

*Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*,
    522 F.3d 271 (2d Cir. 2008) ................................................................................. 2, 4, 5, 8

*Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*,
    178 F. Supp. 2d 459 (S.D.N.Y. 2002) ..................................................................................2

*First City Nat. Bank & Tr. Co. v. Simmons*,
    878 F.2d 76 (2d Cir. 1989) ..............................................................................................4, 7

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) ..................................................................................8

*Kellen Co. v. Calphalon Corp.*,
    54 F. Supp. 2d 218 (S.D.N.Y. 1999) ....................................................................................2

*Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*,
    342 U.S. 180 (1952) ............................................................................................................7

*Levitt v. State of Maryland Deposit Insurance Fund Corp.*,
    643 F. Supp. 1485 (E.D.N.Y. 1986) ....................................................................................7

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
    17 F. Supp. 3d 385 (S.D.N.Y. 2014) ....................................................................................2

*Morris v. Ernst & Young, LLP*,
    No. 12 CV 0838 KMW, 2012 WL 3964744 (S.D.N.Y. Sept. 11, 2012) ................................9

*Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*,
    804 F.2d 16 (2d Cir. 1986) ..............................................................................................4

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
    599 F.3d 102 (2d Cir. 2010) .........................................................................................5, 9

*Oleg Cassini, Inc. v. Serta, Inc.*,
    No. 11 CIV. 8751 PAE, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ...................................5

*Regions Bank v. Wieder & Mastroianni, P.C.*,
    170 F. Supp. 2d 436 (S.D.N.Y. 2001) ................................................................................2

*Schnabel v. Ramsey Quantitative Sys., Inc.*,
    322 F. Supp. 2d 505 (S.D.N.Y. 2004) ................................................................................9

*Spotless Enterprises Inc. v. The Accessory Corp.*,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...............................................................................6

*Tate–Small v. Saks Inc.*,
    No. 12 CV 1008(HB), 2012 WL 1957709 (S.D.N.Y. May 31, 2012) ..................................10

*Thomas v. Apple-Metro, Inc.*,
    No. 14-CV-4120 VEC, 2015 WL 505384 (S.D.N.Y. Feb. 5, 2015) ........................ 2, 4, 10, 11

*Vester v. Werner Enterprises, Inc.*,
    No. EDCV 17-96-GW(DTBX), 2017 WL 1493673 (C.D. Cal. Apr. 24, 2017) ......................6

*Warrick v. General Elec. Co.*,
    70 F.3d 736 (2d Cir. 1995) ..............................................................................................8

*Williams v. Kerr Glass Manufacturing Corp*,
    630 F. Supp. 266 (E.D.N.Y. 1986) ..................................................................................8, 9

*Wyler–Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ......................................................................... 10, 11

**Other Authorities**

FED. R. CIV. P. 12(b)(3) ............................................................................................................2

FED. R. CIV. P. 12(b)(6) ............................................................................................................2

Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and Wells Fargo & Company file this memorandum of law in support of their motion to dismiss, or in the alternative stay or transfer, Count II of Plaintiff Thomas Lau's Second Amended Complaint brought on behalf of putative collective action members.

**INTRODUCTION**

In Count II of his complaint, Plaintiff Lau asserts a New York state-wide collective action under the Fair Labor Standards Act ("FLSA") on behalf of mortgage loan officers who worked for Wells Fargo during the last three years. (*Lau* Compl. ¶ 51). Yet the plaintiff in another, earlier-filed case pending in the Western District of Pennsylvania seeks to represent a nationwide collective based an essentially identically claim under the FLSA covering the same time period. *See Sandra Bruno v. Wells Fargo Bank, N.A.*, Case No. 2:19-cv-00587-RJC. (Declaration of Gina R. Merrill ("Merrill Dec.") ¶ 2, Ex. 2 ¶¶ 2, 86).[1] In both cases, the plaintiffs allege that Wells Fargo "required that [Plaintiffs] conduct off-the-clock work" before and after their shifts, through lunch, and on weekends. (*See Lau* Compl. ¶ 33; Merrill Dec ¶ 2, Ex. 2 ¶ 21) (alleging Wells Fargo is liable under the FLSA for "unlawfully requiring Plaintiff and the FLSA Collective to work significant off-the-clock work.")

Plaintiff Bruno filed her lawsuit on May 17, 2019. (*See* Merrill Dec. ¶ 2, Ex. 1.) As a result, because the two actions assert the same allegations, covering the same time period, and Bruno's proposed collective encompasses the proposed collective in Lau's Complaint, the first-to-file rule applies here. Under the rule, a court may dismiss, stay, or transfer "a lawsuit that is

---

[1] Both plaintiffs seek to represent employees who held the position of Home Mortgage Consultant and/or Private Mortgage Banker. Plaintiff Bruno uses the term "Mortgage Consultant" and defines it to include both Private Mortgage Bankers and Home Mortgage Consultants. (Merrill Dec. ¶2, Ex. 2 ¶ 2) Lau worked as a Private Mortgage Banker and defines it to include Home Mortgage Consultants. (*Lau* Compl. ¶ 20.)

duplicative of a prior action" to the court where the first-filed case is pending. *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120 VEC, 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (citation omitted).

The rule creates a presumption in favor of the first-filed action that can only be rebutted if (1) "the 'balance of convenience' favors the second-filed action;" or (2) if "'special circumstances' warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (citations omitted). Here, neither exception applies. Accordingly, as explained more fully below, Wells Fargo respectfully requests that Count II of Lau's second amended complaint brought on behalf of putative collective members be dismissed, stayed, or transferred to the Western District of Pennsylvania where the prior-filed *Bruno* action is pending.[2] Wells Fargo's motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). *See*, *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (motion to dismiss under first-filed rule brought pursuant to Fed. R. Civ. P 12(b)(6)); *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 462 (S.D.N.Y. 2002) (first-filed motion brought pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3)); *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (motion pursuant to Fed. R. Civ. P. 12(b)(6)); *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 220 (S.D.N.Y. 1999) (Fed. R. Civ. P. 12(b)(6)).

## BACKGROUND FACTS

A. **The *Bruno* Action**

Sandra Bruno worked for Wells Fargo as a Home Mortgage Consultant ("HMC"), and she filed her complaint in the *Bruno* action on May 17, 2019. (Merrill Dec ¶ 2, Ex. 1.) In her

---

[2] Wells Fargo does not seek to dismiss, stay, or transfer Lau's individual FLSA claim.

second amended complaint, Bruno defines the term "Mortgage Consultant"[3] to include the positions of HMC; HMC, Jr.; Private Mortgage Banker ("PMB"); and PMB, Jr. (*Id.* ¶ 2, Ex. 2, ¶ 2.) Bruno states that she is suing on her own behalf and on behalf of a FLSA collective defined as "all others similarly situated, who work or have worked as Mortgage Consultants for Wells Fargo Bank nationwide" during the last three years. (*Id.* ¶ 2, Ex. 2 ¶¶ 18, 86.) According to Bruno, Wells Fargo is liable under the FLSA for "unlawfully requiring Plaintiff and the FLSA Collective to work significant off-the-clock work." (*See id.* ¶ 2, Ex. 2 ¶ 21.) In addition to Named Plaintiff Bruno, there are six opt-in plaintiffs who have submitted consent forms in the *Bruno* matter ("Opt-In Plaintiffs). (*See id.* ¶ 3, Ex. 3.)

Discovery in *Bruno* is ongoing. The parties have engaged in written discovery; have exchanged documents and information; and have conducted depositions. (*See id.* ¶ 4.) In addition, Bruno and the Opt-In Plaintiffs have filed a motion for conditional certification of a nationwide collective action encompassing "all persons who worked as Mortgage Consultants for Wells Fargo Bank, N.A. [] at any time during the period spanning from three years before the date Plaintiff filed her Complaint, or May 17, 2016." (*Id.* ¶ 5, Ex. 4 at 1.) The motion is pending. (*Id.*)

## B. The *Lau* Action

Plaintiff Lau alleges that he worked for Wells Fargo as a Private Mortgage Banker ("PMB") until April 2018. (*Lau* Compl. ¶ 4).[4] In his complaint, he defines PMB to include the HMC position and "mortgage consultants," as well as other positions requiring the same or

---

[3] "Mortgage Consultant" is a term Wells Fargo uses as well, and at Wells Fargo it includes both Home Mortgage Consultants and Private Mortgage Bankers.

[4] This case originally was filed by Plaintiff Teddy Miller on December 20, 2019, in the Northern District of California. The case was transferred to the Southern District of New York, and Lau filed an amended complaint on June 26, 2020. (Dkt. 35) He filed a second amended complaint on July 31, 2020 (Dkt. 47).

similar job duties.[5] (*Lau* Compl. ¶ 20). Lau initially sought to represent a nationwide collective under the FLSA. (*See* Dkt. 35 ¶ 49). After Defendants moved to dismiss (Dkt. 41), Lau filed a second amended complaint revising the collective under the FLSA to include "similarly situated" PMBs throughout the state of New York who worked for Wells Fargo during the last three years. (*Lau* Compl. ¶ 51). Like Bruno, Plaintiff Lau alleges that Wells Fargo "required that [Plaintiffs] conduct off-the-clock work" before and after their shifts, through lunch, and on weekends. (*Lau* Compl. ¶ 33).

**ARGUMENT**

**A.     The Standard for Applying The First-Filed Rule.**

"As a general rule, '[w]here there are two competing lawsuits, the first suit should have priority.'" *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)). "This rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Employers Ins. of Wausau*, 522 F.3d at 274–75 (quoting *First City Nat. Bank*, 878 F.2d at 80). "[A] district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action" or, in the alternative, "courts may opt to transfer a case to the first-filed district or stay the second case pending resolution of the first-filed case." *Thomas,* 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (citations omitted).

In addition to judicial efficiency and comity, dismissal is appropriate "to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). "When considering whether to dismiss the second

---

[5]  Lau's complaint lists several other supposed job titles, but none of these positions has job duties that are the same or similar to the HMC or PMB positions.

action, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Id.* While "the claims and rights raised in the two actions must not differ substantially," they do not need to be identical. *Id.* Similarly, "the named parties need not be entirely the same provided that they represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012).

The first-to-file rule creates a presumption that the first suit filed should have priority, which can only be rebutted by two exceptions: "(1) where the 'balance of convenience' favors the second-filed action … and (2) where 'special circumstances' warrant giving priority to the second suit." *Employers Ins. of Wausau*, 522 F.3d at 275 (citations omitted). The "balance of convenience" must show that the forum of the second-filed action is the more desirable forum. *See id.* ("[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule") (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 751 (S.D.N.Y. 1977)). The special circumstance test applies when there has been "manipulative or deceptive behavior on the part of the first-filing plaintiff." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

**B.     The Claims and Relief Are Substantially Identical in Both Cases, and the *Lau* Proposed Collective is Encompassed by the *Bruno* Proposed Collective.**

For the first-filed rule to apply, the available relief, parties, and claims "must not 'significantly differ between the actions.' However, the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Oleg*, 2012 WL 844284, at *3 (citing *Byron v. Genovese Drugstores, Inc.*, No. 10cv3313, 2011 WL 4962499, at *3 (E.D.N.Y. Oct. 14, 2011)). Here, the rule applies because the parties, the relief requested, and the alleged off-the-clock claims are identical or substantially identical in both cases.

Regarding the parties, in both *Lau* and *Bruno,* the plaintiffs and proposed collective members were/are employees of Wells Fargo Bank, N.A.[6] who held/hold the same position—mortgage loan officers[7]—during the same time period. In addition, the state-wide collective Lau seeks to represent is entirely subsumed within the nationwide collective Bruno seeks to represent. As a result, the relief requested in *Bruno,* if granted, would be available to the proposed collective in *Lau*. When the proposed class or collective in the first-filed case includes the proposed class or collective in the subsequent action, courts have held that the identity of parties requirement is satisfied under the first to file rule. For example, as the Sixth Circuit recognized, "for purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016). *See also, e.g., Vester v. Werner Enterprises, Inc.*, No. EDCV 17-96-GW(DTBX), 2017 WL 1493673, at *4 (C.D. Cal. Apr. 24, 2017) ("Any relief provided to plaintiffs in the Nebraska Action can be availed by the Plaintiffs and the class they currently seek to represent here. Plaintiffs' proposed class in this lawsuit is therefore subsumed by the expansively worded California Class in the Nebraska Action.").

Accordingly, the rule applies here because the relief, the claims, and the parties are identical or substantially identical. Thus, concurrent litigation would impede the ability of the courts to reach a "comprehensive disposition of litigation." *Spotless Enterprises Inc. v. The*

---

[6] Wells Fargo's parent company, Wells Fargo & Company, is a defendant in this case. However, none of the plaintiffs or the proposed collective members is or was employed by the parent company; rather all mortgage loan officers are and were employed by the bank. Defendants thus dispute that the parent company is a proper party to the case.

[7] Specifically, the job titles at issue in both cases are HMCs, HMC Jr., PMB, and PMB Jr. (Merrill Dec ¶ 2, Ex. 1, Ex. 2 ¶ 2; (*Lau* Compl. ¶ 20.)

*Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). In addition, duplicative discovery over substantially identical FLSA claims will create expense and avoidable judicial waste. *See Levitt v. State of Maryland Deposit Insurance Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986) (transferring case to district where prior action was pending "enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the party while at the same time serving the public interest.")

**C.     Neither Exception to The First-Filed Rule Applies.**

   ***1.     The balance of convenience exception does not apply.***

Lau has the burden to refute the application of the first-filed rule by showing that the balance of convenience or special circumstances give priority to his later-filed suit. *See First City Nat. Bank*, 878 F.2d at 79 (noting the "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second") (collecting cases); *see id.* (upholding dismissal of subsequent action where plaintiff had "made no showing of 'special circumstances' which would warrant a departure from the first to file rule.")

"Balancing factors of convenience is essentially an equitable task." *First City Nat. Bank,* 878 F.2d at 80. The Second Circuit has enumerated the following seven factors for courts to consider:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Employers Ins. of Wausau*, 522 F.3d at 275. Consideration of these factors confirms that there is no justification for a departure from the first-filed rule in this case.

First, regarding the choice of forum, "the plaintiff's choice of forum is a less significant consideration in a ... class action than in an individual action." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 170 (E.D.N.Y. 2006) (citing *Warrick v. General Elec. Co.*, 70 F.3d 736, 741 n. 7 (2d Cir. 1995)) (alterations in original). Moreover, this case initially was filed in California, and Plaintiff Lau joined the case as an opt-in plaintiff in California. (Dkt. 24). Thus, if this factor has any significance, it does not support keeping Lau's FLSA collective action in New York.

Second, for the convenience of the witnesses, because *Bruno* is underway and will proceed regardless, adding New York as an additional travel location will impose an additional an unnecessary burden on witnesses. *See e.g., Williams v. Kerr Glass Manufacturing Corp*, 630 F. Supp. 266, 270-71 (E.D.N.Y. 1986) (holding that inevitability of witnesses being required to testify in Pennsylvania in parallel action weighed in favor of transfer away from New York). As a result, this factor weighs in favor of the first-filed rule.

Third, regarding access to documents and proof, with current technology, documents are generally available in either district, and thus, this factor does not justify departing from the rule. *See, e.g., EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) ("the Court does not view [the location of documents] factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.").

The fourth factor regarding convenience of the parties likewise supports applying the rule. Lau initially joined this case in California, thus suggesting that locations outside New York

are not significantly inconvenient for him. (Dkt. 24). As the court observed in *Williams,* transferring a case from New York to Pennsylvania "will not impose any great burden on [the plaintiff]." *Williams,* 630 F. Supp. at 270 (collecting cases). In addition, for Wells Fargo and its witnesses, the *Bruno* case will proceed regardless; thus, duplicative litigation in New York would be significantly inconvenient.

The fifth factor regarding the locus of operative facts does not apply here because the operative facts are subsumed within the *Bruno* action, and litigating those facts here would be purely duplicative. Similarly, regarding the sixth factor, process is available to compel depositions of witnesses, and given the current technology allowing remote / videoconference depositions, this does not favor one forum over another.

Seventh, regarding the means of the parties, this factor would only be relevant if litigating in the Western District of Pennsylvania would impose an undue hardship. *Morris v. Ernst & Young, LLP*, No. 12 CV 0838 KMW, 2012 WL 3964744, at *5 (S.D.N.Y. Sept. 11, 2012). Lau, however, chose initially to litigate his claims in California, and thus, he cannot make this showing. Further, as several courts have recognized, transferring a case from New York to Pennsylvania "will not impose any great burden on [the plaintiff]." *Williams,* 630 F. Supp. at 270. In sum, the balance of convenience favors the application of the first-filed rule and Lau cannot carry his burden to overcome the operation of the rule.

### 2. *The special circumstances exception does not apply.*

The special circumstance exception applies when there has been "manipulative or deceptive behavior on the part of the first-filing plaintiff." *N.Y. Marine & Gen. Ins. Co.,* 599 F.3d at 112. Here, for the exception to apply, Lau would have to show that *Bruno* "was a result of 'anticipatory filing'" or that Plaintiff Bruno was "forum shopping." *Schnabel v. Ramsey*

*Quantitative Sys., Inc.*, 322 F. Supp. 2d 505, 511 (S.D.N.Y. 2004). There is no evidence to suggest either occurred in the *Bruno* case. As a result, this exception does not apply.

**D.     Dismissal, Stay or Transfer.**

Under the first-filed rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *Thomas,* 2015 WL 505384, at *3 (citing *Castillo,* 960 F. Supp. 2d 404). "In the alternative, courts may opt to transfer a case to the first-filed district or stay the second case pending resolution of the first-filed case." *Id.* (citing *Wyler–Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 235, 247–250 (E.D.N.Y. 2012)). As the court in *Thomas* observed, dismissal is appropriate when "the lawsuits at issue seek identical relief, assert nearly identical claims [under the FLSA], and have been filed in a sister New York district court with respect to the same class of plaintiffs" against the same defendant. *Thomas,* 2015 WL 505384, at *4; *see also Tate–Small v. Saks Inc.,* No. 12 CV 1008(HB), 2012 WL 1957709, at *2 (S.D.N.Y. May 31, 2012) (noting that the first-filed rule is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations") (citation omitted). "Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo*, 960 F. Supp. 2d at 404.

Accordingly, here dismissal is likewise appropriate given that *Lau*'s state-wide collective is subsumed within the *Bruno*'s nationwide collective; both cover the same time period; the defendant employer is identical; and the plaintiffs assert essentially identical off-the-clock allegations. Under these "circumstances, staying or transferring this action would not foster the guiding principles of judicial economy and fairness that courts must rely upon in determining whether, and how, to apply the first-filed rule." *Thomas,* 2015 WL 505384, at *5; *see also Burke*

*v. Bimbo Bakeries USA, Inc.*, No. 519CV902MADATB, 2019 WL 6068038, at *3 (N.D.N.Y. Nov. 15, 2019) (dismissal required where "[t]he class/collective claims raised in these two cases are so substantially similar.") Rather, retaining jurisdiction of the collective action in this subsequent lawsuit "would require the Court to reexamine, albeit at a later date, many of the same issues to be decided in the [prior] actions, and could also potentially interfere with settlement negotiations that might arise in those cases." *Thomas,* 2015 WL 505384, at *5.

Similarly, "transferring this case[] is not appropriate given the relatively advanced status of [the *Bruno* case]," and the fact that there are no other opt-in plaintiffs in this case and no activity has occurred." *Id.; Cf. Wyler—Wittenberg*, 899 F. Supp. 2d at 247-48 (finding transfer, rather than dismissal, appropriate where a significant number of individuals had already opted into the second case). Accordingly, for these same reasons dismissal of Count II in Lau's complaint is appropriate.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss, or in the alternative stay or transfer, Count II of Plaintiff Lau's complaint brought on behalf of putative collective action members to the Western District of Pennsylvania where the earlier-filed *Bruno* action is pending.

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Timothy M. Watson*

Timothy M. Watson
(Admitted *Pro Hac Vice*)
twatson@seyfarth.com
John P. Phillips
(Admitted *Pro Hac Vice*)
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, TX 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Gina Merrill
gmerrill@seyfarth.com
Kaveh Dabashi
kdabashi@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

ATTORNEYS FOR DEFENDANTS
WELLS FARGO & COMPANY AND WELLS
FARGO BANK, N.A.

Dated: August 14, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
THOMAS LAU, on behalf of himself                               :
and similarly situated employees,                              :
                                                               :
      Plaintiff,                 :
                                                               :
v.                                                             :   Case No. 1:20-cv-03870-AJN
                                                               :
WELLS FARGO & COMPANY and                                      :
WELLS FARGO BANK, N.A.,                                        :
                                                               :
      Defendant.                 :
---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, John P. Phillips, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing document to be filed using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record on August 14, 2020.

                                                         /s/     *John P. Phillips*