UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                 :

THOMAS LAU, on behalf of himself   :
and similarly situated employees,       :
                                                 :
          Plaintiff,                         :
                                                 :
v.                                             :   Case No. 1:20-cv-03870-AJN
                                               :
WELLS FARGO & COMPANY and   :
WELLS FARGO BANK, N.A.,           :
                                               :
          Defendant.                  :
---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2021

**JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER AND ORDER
IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(d)**

Plaintiff Thomas Lau and Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company file this joint motion, stating in support as follows:

The parties assert that documents potentially relevant to this litigation could contain or constitute confidential and/or proprietary information. Accordingly, the parties have conferred and agreed to the terms of the attached, proposed protective order. Therefore, with good cause shown, the parties respectfully request that the Court enter the attached, proposed protective order.

The parties have further conferred, and the parties respectfully request that the Court enter the attached order implementing Federal Rule of Evidence 502(d).

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| WILLS LAW FIRM, PLLC | SEYFARTH SHAW LLP |

By:  s/ Rhonda H. Wills, with permission
    Rhonda H. Wills
    New York Bar No. 5373295
    rwills@rwillslawfirm.com
    1776 Yorktown, Suite 570
    Houston, Texas 77056
    Telephone: (713) 528-445
    Facsimile: (713) 528-2047

    ATTORNEY FOR PLAINTIFF

By:  /s Gina Merrill
    Timothy M. Watson
    (Admitted *Pro Hac Vice*)
    twatson@seyfarth.com
    John P. Phillips
    (Admitted *Pro Hac Vice*)
    700 Milam Street, Suite 1400
    Houston, TX 77002-2812
    Telephone: (713) 225-2300
    Facsimile: (713) 225-2340

    Gina Merrill
    gmerrill@seyfarth.com
    Kaveh Dabashi
    kdabashi@seyfarth.com
    620 Eighth Avenue
    New York, NY 10018
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526

    ATTORNEYS FOR DEFENDANTS

Dated: February 12, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
THOMAS LAU, on behalf of himself                             :
and similarly situated employees,                            :
                                                             :
                Plaintiff,                                   :
                                                             :
v.                                                           :   Case No. 1:20-cv-03870-AJN
                                                             :
WELLS FARGO & COMPANY and                                    :
WELLS FARGO BANK, N.A.,                                      :
                                                             :
                Defendant.                                   :
-------------------------------------------------------------x
```

**CERTIFICATE OF SERVICE**

    I, Gina Merrill, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing document to be filed using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record on February 12, 2021.

                                     /s/    *Gina Merrill*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
THOMAS LAU, on behalf of himself :
and similarly situated employees, :
: 
Plaintiff, :
: 
v. : Case No. 1:20-cv-03870-AJN
: 
WELLS FARGO & COMPANY and :
WELLS FARGO BANK, N.A., :
: 
Defendant. :
---------------------------------------------------------------x

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order:

(a) The "Confidential Information" designation shall mean that the document is comprised of trade secrets, commercial information, or financial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information, including, but not limited to, non-public business information or personal information, the public disclosure of which is either required by law or agreement to be kept confidential or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

(b) Confidential Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Confidential Information may be designated in the following manner.

(a) Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows: **CONFIDENTIAL INFORMATION** or **CONFIDENTIAL**.

(b) A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of

the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period, the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(c) It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a

3

challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial and appeal of this action. Confidential Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8. Further, prior to disclosing Confidential Information to a receiving party's proposed expert or consultant, the receiving party shall secure a signed Confidentiality Agreement in the form attached as Exhibit A.

4

9. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

10. Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

11. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

5

**Filing Documents With the Court.**

12. In the event that any party wishes to submit Confidential Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

**No Prejudice.**

13. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, the producing party upon written request may require each party or other person subject to the terms of this Protective Order to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

6

**Other Proceedings.**

15. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Confidential Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

SO ORDERED.

Dated: February 15, 2021  
New York, New York

_____  
ALISON J. NATHAN  
United States District Judge

7

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
THOMAS LAU, on behalf of himself :
and similarly situated employees, :
:
Plaintiff, :
:
v. : Case No. 1:20-cv-03870-AJN
:
WELLS FARGO & COMPANY and :
WELLS FARGO BANK, N.A., :
:
Defendant. :
---------------------------------------------------------------x

**CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings

prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

Date: _____

Printed Name: _____

Signature: _____

Case 1:20-cv-03870-AJN Document 64-1 Filed 02/16/21 Page 12 of 14

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
THOMAS LAU, on behalf of himself :
and similarly situated employees, :
:
       Plaintiff, :
:
v. : Case No. 1:20-cv-03870-AJN
:
WELLS FARGO & COMPANY and :
WELLS FARGO BANK, N.A., :
:
       Defendant. :
---------------------------------------------------------------x

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

    I hereby affirm that:

    Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    I have been given a copy of and have read the Protective Order.

    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

    I submit to the jurisdiction of this Court for enforcement of the Protective Order.

    I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

    Date: _____

    Printed Name: _____

    Signature: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
::
THOMAS LAU, on behalf of himself :
and similarly situated employees, :
::
Plaintiff, :
::
v. : Case No. 1:20-cv-03870-AJN
::
WELLS FARGO & COMPANY and :
WELLS FARGO BANK, N.A., :
::
Defendant. :
---------------------------------------------------------------x

**RULE 502(d) ORDER**

The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

SO ORDERED.

Dated: _____ _____, 2021           _____
     New York, New York                         ALISON J. NATHAN
                                          United States District Judge