

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Lau, *individually and on behalf of all others similarly situated*,

                  Plaintiff,

          –v–

Wells Fargo & Company, *et al.*,

                  Defendants.

---

20-cv-03870 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brings claims under state and federal labor laws against former employer for wage-related violations. Defendants move to dismiss or transfer Plaintiff's FLSA collective action claims under the first-to-file rule because a substantially similar FLSA collective action was filed first in the District Court for the Western District of Pennsylvania. For the reasons that follow, Defendants' motion is GRANTED.

## I.      BACKGROUND

Plaintiff Thomas Lau formerly worked as a private mortgage banker for Defendants Wells Fargo from approximately 2011 to April 2018. Dkt. No. 47 ¶ 4, 18. On December 20, 2019, Plaintiff filed a complaint in the Northern District of California against Defendants for violations of wage requirements of the NYLL, NYCRR, and the FLSA on behalf of himself and a class of others similarly situated. Dkt. No. 1. According to Plaintiff, "private mortgage banker" includes all of Wells Fargo's employees who have the job title of "home mortgage consultant," "mortgage loan officer," "mortgage sales associate," and those with similar titles who performed

the same or similar job duties of Plaintiff.  Dkt. No. 47 ¶ 20.  Plaintiff claims that Wells Fargo

required him and those employees to work "off-the-clock" without paying wages for all hours

worked, overtime wages, and/or minimum wages.  *Id.* ¶ 21.

On May 19, 2020, after Defendants filed a motion to transfer venue, the district court for

the Northern District of California determined that New York is a more appropriate forum and

transferred the action to the Southern District of New York.  Dkt. No. 27.  Plaintiff then filed an

amended complaint, which Defendants moved to dismiss.  Dkt. No. 35, 41.  Pursuant to the

Undersigned's Individual Rules in Civil Cases 3F, Plaintiff provided notice of his intent to file a

Second Amended Complaint in response to Defendants' motion. Dkt. No. 45.

In Plaintiff's Second Amended Complaint, Plaintiff brings a collective action under

FLSA for private mortgage banker employees in the State of New York who were required to

work off-the-clock and were not paid proper minimum wages and/or overtime wages for all

hours worked over a forty hours in a workweek.  Dkt. No. 47 ¶ 88.  Plaintiff also seeks to certify

a class under Fed. R. Civ. P. Rule 23 on behalf of the same persons for his NYLL and NYCRR

claims.  *Id.* ¶ 67.

On May 17, 2019, approximately seven months before Plaintiff's complaint was filed in

the Northern District of California, Sandra Bruno filed a complaint against Wells Fargo Bank,

N.A., in the Western District of Pennsylvania on behalf of herself, a former "home mortgage

consultant," and a FLSA collective, which she defines in the complaint as including those

employed as a "private mortgage banker," under the FLSA for wage-related claims.  Dkt. No. 52

at 2-3.  On March 15, 2021, the court granted Plaintiff Bruno's motion to conditionally certify

the FLSA collective and stated that the collective shall include "all persons who worked as

Home Mortgage Consultants for Defendant Wells Fargo, Bank, N.A., at any time during the

period spanning from three years before the filed Complaint (or May 17, 2016) through the pendency of this proceeding." *See Bruno v. Wells Fargo Bank, N.A.*, Case No. 2:19-cv-00587 (RJC), Dkt. Nos. 127-128. The court also granted Plaintiff's request for equitable tolling and tolled the statute of limitations from July 15, 2020 until 60 days after notice is mailed to the putative class members. *Id.*

Defendants filed a motion to dismiss, or in the alternative, transfer the case on August 14, 2020. Dkt. No. 52. That motion is now fully briefed.

## II.    DISCUSSION

Defendants move to dismiss Plaintiff's FLSA collective action claims pursuant to 12(b)(6) and 12(b)(3) on the grounds that the first-to-file rule requires dismissal or, in the alternative, transfer of Plaintiff's FLSA claims in favor of the substantially similar action that was first filed in the Western District of Pennsylvania. *See Bruno v. Wells Fargo Bank, N.A.*, Case No. 2:19-cv-00587 (RJC). Defendants do not seek to dismiss Plaintiff's state law claims or his individual FLSA claims. For the reasons that follow, the Court determines that the first-to-file rule applies to this case, that Plaintiff has not established that his action falls within any of the exceptions to that rule, and that dismissal is therefore appropriate.

### A.  The First-to-File rule applies to Plaintiff's FLSA collective action

The first-to-file rule requires that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). The rule applies where "the claims, parties, and available relief . . . [do] not significantly differ between the actions," but "the issues need not be identical" so long as "the named parties . . . represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL

844284, at *3 (S.D.N.Y. Mar. 13, 2012) (citing *Byron v. Genovese Drugstores, Inc.*, No. 10–cv–3313, 2011 WL 4962499, at *3 (E.D.N.Y. Oct.14, 2011)).  Ordinarily, courts will dismiss the later-filed suit, or in some instances transfer or stay the action in favor of the first suit filed.  *See Id.* (dismissing the case); *Tate-Small v. Saks Inc.,* No. 12 CV 1008 HB, 2012 WL 1957709, at *5 (S.D.N.Y. May 31, 2012) (transferring the later-filed case).

The Court determines that the first-to-file rule is generally applicable to the FLSA collective action claims in Plaintiff's case in light of the *Bruno* action.  The claims, parties, and relief sought in *Bruno* are substantially similar.  The collective that was certified in *Bruno* is for "Home Mortgage Consultants," which the operative complaint in that action defines to include, among other titles, "Private Mortgage Banker." *See Bruno v. Wells Fargo Bank, N.A.*, Case No. 2:19-cv-00587 (RJC), Dkt. Nos. 58, 128.  And the *Bruno* Plaintiff seeks relief for the same wage-related "off-the-clock" claims as Plaintiff Lau.  *Id.*  Lastly, though Plaintiff seeks to certify a collective based on New York Wells Fargo employees, which is narrower than the nationwide collective in *Bruno*, that class is entirely subsumed within the collective definition in *Bruno.* Therefore, the Court readily concludes that the *Bruno* collective action "represent[s] the same interests" and on behalf of the same persons as Plaintiff's case.  *Oleg Cassini, Inc.,* 2012 WL 844284, at *3.

Plaintiff's main argument against the application of the first-to-file rule to his case is that the first-to-file rule does not apply to FLSA collective actions generally.  To the contrary, courts in this district have consistently applied the first-to-file rule to FLSA collective actions (even if they ultimately determined that the case should not be dismissed or transferred).  *See, e.g., Thomas v. Apple-Metro, Inc*., No. 14-CV-4120 VEC, 2015 WL 505384, at *4 (S.D.N.Y. Feb. 5, 2015); *Lloyd v. J.P. Morgan Chase & Co.,* No. 11 CIV. 9305 LTS, 2012 WL 3339045, at *2

(S.D.N.Y. Aug. 14, 2012); *Tate-Small*, 2012 WL 1957709, at *3; *Naula v. Rite Aid of New York*, No. 08 CIV. 11364(PGG), 2010 WL 2399364, at *5 (S.D.N.Y. Mar. 23, 2010).  Plaintiff argues in his brief that at least one federal district court in New York has held that "the first-filed rule does not apply to FLSA collective actions." *Hautur v. Kmart Corp.*, No. 15-CV-267A, 2015 WL 5567912 (W.D.N.Y. Sept. 22, 2015).  However, Plaintiff fails to mention that the decision was by a magistrate judge in a Report and Recommendation and the district court expressly disagreed, stating that there is "no reason to hold as a matter of law that overlapping FLSA collective actions . . . are not subject to the first-filed rule*." Hautur v. Kmart Corp.*, No. 1:15-CV-267-RJA-HBS (W.D.N.Y. Feb. 12, 2016) (Dkt. No. 26 at 3).

Plaintiff does not provide any binding authority for the proposition that the Court cannot apply the first-to-file rule to duplicative FLSA collective actions, and the Court finds the out-of-circuit district court opinions he cites unpersuasive (as have other courts in this district).  *See, e.g., Schucker v. Flowers Foods, Inc., No.* 16-CV-3439 (KMK), 2017 WL 3668847, at *6 (S.D.N.Y. Aug. 24, 2017) (discussing *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Col. 1999) and determining that the "reasoning there is unpersuasive.").

To be sure, Plaintiff is correct that the FLSA provides plaintiffs with considerable control over where to bring their FLSA claims, but that does not bar the application of this doctrine. While "a party with a claim under the FLSA" is not required "to join an opt-in collective action in order to vindicate his or her rights" but instead is "entitled to vindicate their own rights in whatever forum they choose," *Schucker,* 2017 WL 3668847, at *4, Defendants do not seek to dismiss or transfer Plaintiff's individual FLSA claims, only the collective action.  And while the FLSA does not expressly bar multiple collective actions from being filed, the first-filed rule – which is a "a well-established Second Circuit doctrine" based on principles of judicial economy

– is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Thomas v. Apple-Metro, Inc.,* 2015 WL 505384, at *2, 4 (quoting *Tate-Small v. Saks Inc.,* 2012 WL 1957709, at *3). Further, aside from consuming judicial resources, a duplicative collective action does not provide significant value to the class. Assuming that notice in the first class was sufficient, "there is no reason to infer that a potential opt-in plaintiff will be spurred to action by a second notice, but not the first." *Schucker*, 2017 WL 3668847, at *6.

Therefore, the Court joins the others in this district that have applied the first-to-file rule to FLSA collective actions and determines that the *Bruno* action should receive priority over Plaintiff's action, unless any of the exceptions to the first-to-file rule apply. As the Court discusses next, they do not.

### B.  None of the exceptions to the first-to-file rule apply to Plaintiff's collective action

Though the Court has determined that the *Bruno* action was filed first in time and is substantially similar to Plaintiff's FLSA collective action claims, the Court must also examine whether any of the exceptions to the first-to-file rule apply. Instead of a hard and fast rule, "the first-filed rule is only a presumption," and "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.,* 522 F.3d 271, 275 (2d Cir. 2008) (quotations omitted). The Second Circuit has recognized two exceptions where the presumption may be overcome: "(1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Id.* (internal quotation marks and citations omitted). While Plaintiff does not argue

that any special circumstances apply, he does argue that the balance of convenience factors weigh in favor of allowing the litigation to proceed in New York.

In assessing the "balance of convenience," the Court looks to "the ties between the litigation and the forum of the first-filed action." *Id.*  The Court considers a number of factors (which are essentially the same as those considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)), including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  *Id.* (citing *D.H. Blair & Co*, 462 F.3d at 106-07 (2d Cir. 2006)). As "the party asserting exceptions to the first-filed rule," Plaintiff "bears the burden to show that equitable considerations recommend the later action." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998).

The Court determines that, overall, these factors do not demonstrate that New York is a favorable forum and thus do not overcome the presumption that the *Bruno* action should have priority.  First, Plaintiff's choice of forum, as well as the convenience factors as they apply to Plaintiff, do not carry much weight.  New York is not Plaintiff's original choice of forum, instead he chose to litigate this suit in California.  The Court therefore reasonably assumes that litigating in Pennsylvania will be of no substantial burden to Plaintiff.  *See Pippins v. KPMG LLP,* No. 11 CIV. 0377 CM, 2011 WL 1143010, at *5 (S.D.N.Y. Mar. 21, 2011) ("The weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose.").  And because this FLSA collective action is not an individual action, "the plaintiff's choice of

forum is a less significant consideration" generally.  *Warrick v. General Elec. Co.,* 70 F.3d 736,

741 n.7 (2d Cir.1995)

      Moreover, setting named Plaintiff Lau's interests aside, the Court is also not convinced

that New York is a significantly better forum for the collective either.  Plaintiff argues that New

York will likely be the location where most of the evidence for his FLSA collective action claims

originated or can be found.  But even assuming it were true that a New York forum would

provide for easier access to documentary and testimonial evidence, that evidence will still have

to be produced in Pennsylvania because the *Bruno* action is proceeding regardless of this Court's

decision today.  Therefore, allowing Plaintiff's FLSA collective action to proceed in New York

would require that this evidence be produced twice, and would thus hinder, not further, the

purposes of judicial economy.  *See GT Plus, Ltd.*, 41 F. Supp. 2d at 425 (considering "[t]rial

efficiency and the interests of justice.").  Furthermore, Plaintiff's argument that the court in

Pennsylvania will not have subpoena power over witnesses in New York under Fed. R. Civ. P.

Rule 45(c)(1)(A), which prohibits a subpoena from directing witnesses to travel more than 100

miles, is unpersuasive.  "Although [Plaintiff] notes that potential witnesses would be outside of

the District's ability to be subpoenaed, [he has] not indicated that such witnesses would be

unwilling to appear," and because "[t]here is no indication that any non-party witnesses would

refuse to appear," at best "this factor is neutral." *EasyWeb Innovations, LLC v. Facebook, Inc.*,

888 F. Supp. 2d 342, 354 (E.D.N.Y. 2012).

      Additionally, Plaintiff argues that New York is the more convenient forum for the

persons in his proposed collective, i.e., New York Wells Fargo private mortgage bankers.  That

may be true to some degree, although as a practical matter, Pennsylvania is certainly closer in

proximity to New York than California, the original choice of forum in this case.  But this

consideration alone should not be dispositive. *Bruno* is a nationwide collective action, and thus "the lead plaintiffs are simply representatives of a putative class that will likely be geographically dispersed throughout the United States." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (cleaned up). If a collective appropriately includes persons across the country, permitting duplicative sub-collectives to go forward in multiple jurisdictions solely for the convenience of the members in those states would greatly undermine the purposes of the first-to-file rule. "Balancing factors of convenience is essentially an equitable task." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). "Rather than allow two" (or more) "parallel suits to go forward, it is more appropriate for one court to adjudicate the claims in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *GT Plus, Ltd.*, 41 F. Supp. 2d at 425.

Therefore, considering these factors, the Court determines that "[t]he balance of conveniences in this case does not overcome the presumption in favor of allowing the controversy to be adjudicated in the forum where it was first filed." *First City Nat. Bank & Tr. Co.*, 878 F.2d at 80.

### C. Dismissal is appropriate instead of transfer

Because the first-to-file rule requires that the Court give priority to the *Bruno* action, the Court must determine the appropriate disposition of Plaintiff's FLSA collective action claims. If the first-to-file rule applies to a case, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *Thomas*, 2015 WL 505384, at *2. In some situations, depending on the circumstances, courts will instead transfer or stay the case, or, if the cases are in the same district, consolidate. *See Oleg Cassini, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar.

9

13, 2012) (dismissing); *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 427 (S.D.N.Y. 1998)

(transferring); *AEI Life, LLC v. Lincoln Ben. Life Co.,* 305 F.R.D. 37, 44 (E.D.N.Y. 2015)

(considering whether to stay the case); *Naula*, 2010 WL 2399364, at *3 (consolidating).  In

particular, courts may decide to choose one of these alternative options if dismissal would create

a "risk of prejudice" to parties in the later filed action.  *Naula*, 2010 WL 2399364, at *4.

The Court determines that dismissal is appropriate here.  As discussed above, the *Bruno*

action encompasses Plaintiff's FLSA collective and has already been certified, and therefore

Plaintiff and the other putative members of the collective can opt-in to that action if they so

choose.  Because a collective has been certified that represents their interests, there is no risk of

prejudice to Plaintiff or the members of the proposed collective.

## III.    CONCLUSION

For the reasons stated above, Defendants' motion is GRANTED.  Count II of the Second

Amended Complaint, to the extent it is brought on behalf of a collective and not Plaintiff

individually, is dismissed.  Plaintiff may proceed with his state law claims and individual FLSA

claims.   This resolves Dkt. Nos. 41, 45, and 51.

The parties are to proceed with discovery in accordance with the Court's Case

Management Plan and subsequent scheduling orders.  Dkt. Nos. 59, 66.

SO ORDERED.

Dated:  March 30, 2021
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

10