UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS LAU, *Individually and on Behalf of All Others Similarly Situated*,

                         Plaintiff,

-v-

WELLS FARGO & COMPANY *and* WELLS FARGO BANK, N.A.,

                         Defendants.

20 Civ. 3870 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiff's motion to compel defendants to produce a corporate representative to testify on 31 topics, many of which subdivide into numerous subtopics. Dkts. 94, 94-1 (deposition notice and topics); *see also* Dkt. 94-2 (defense objections to deposition topics). Defendants (collectively, "Wells Fargo") have opposed the motion and moved for a protective order prohibiting or limiting the permissible topics for deposition. Dkt. 95. The Court has reviewed the motion papers and resolves the dispute as follows:

- Topics 3 and 4: All software applications, computer programs, and equipment Lau used. Ruling: Permitted. These topics are relevant background to this FLSA and NYLL wage-and-hour violations case. The Court emphasizes, however, that the wording of these topics restricts questioning to "[s]oftware and computer programs and applications *used* by Plaintiff in performing his job duties" and "[e]quipment *issued* to Plaintiff for use in his job duties." Dkt. 94-1 ¶¶ 3–4 (emphases added). Questioning is not to venture into the software and hardware to which Lau may have conceivably had access, but did not in fact use.

- Topics 6 and 14: Lau's compensation, including vacation pay, sick leave pay, disability pay, reimbursements, and deductions, and Wells Fargo's reimbursement policy. Ruling: Permitted. The heart of Lau's claim is that he and others similarly situated were paid off the clock. Questioning about Lau's compensation at Wells Fargo is within the scope of permissible questioning.

- Topics 12 and 13: Wells Fargo's disciplinary policies and evaluations of plaintiff's job performance. Ruling: Permitted. Wells Fargo no longer opposes these deposition topics. Dkt. 95 at 1 n.2.

- Topics 15, 16, and 31: The facts supporting Wells Fargo's affirmative defenses. Ruling: Permitted. Wells Fargo argues that inquiring into these facts would risk exposing privileged communications and attorney work product. Dkt. 95 at 2. That is not so. The Court contemplates that plaintiff's counsel will ask factual questions about the underlying events, and will not ask about communications with counsel, or the defense's legal analysis, or which facts support a putative theory of defense. Wells Fargo has raised 21 affirmative defenses after the Court granted it leave to file an untimely answer to the Second Amended Complaint on May 16, 2022. See Dkts. 87, 88. Lau is within his rights to seek discoverable facts pertaining to those defenses. Should questioning venture beyond those facts and probe into legal theories, Wells Fargo is at liberty to raise a privilege and/or work-product objection during deposition.

- Topics 17, 18, 19, and 26: Lau's exempt status classification, Wells Fargo's decision to reclassify Private Mortgage Bankers ("PMB"s) and Home Mortgage Consultants ("HMC"s) as non-exempt under the FLSA, and internal audits relating to the reclassification decision. Ruling: Not permitted. As Wells Fargo points out, (1) Lau

2

does not challenge his classification as a non-exempt employee, and (2) the reclassification occurred more than 10 years ago. The facts surrounding this policy decision bear little chance of advancing Lau's theory that, *as* a non-exempt employee, he was unlawfully required to work off the clock. *See, e.g.*, SAC ¶¶ 21, 33–34, 48.

- Topics 20, 22, and 23: Department of Labor or similar state agency investigations of Wells Fargo's compensation or classification of PMBs and HMCs. Ruling: Not permitted, except insofar as these investigations specifically concerned Lau.

- Topics 21, 24, 25, 27, and 28: Prior lawsuits and settlements relating to PMBs and HMCs. Ruling: Not permitted, except insofar as these lawsuits specifically concerned Lau.

In light of the parties' litigious history within the short time span since this case has been re-assigned to this Court, the Court admonishes counsel to abide by these rulings and to conduct the deposition and remaining discovery in a collegial manner.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 13, 2022
       New York, New York

3