UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS LAU,

                Plaintiff,

-v-

WELLS FARGO & COMPANY and WELLS FARGO BANK N.A.,

                Defendants.

CIVIL ACTION NO.: 20 Civ. 3870 (SLC)

**ORDER TO SUBMIT SETTLEMENT MATERIALS**

**SARAH L. CAVE**, United States Magistrate Judge.

On October 26, 2022, the parties consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 111).

This case contains one or more claims arising under the Fair Labor Standards Act. In light of the requirements of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the parties must file a joint Letter-Motion that addresses whether the settlement is fair and reasonable.

The parties must file their Letter-Motion by **November 10, 2022**, and should address the claims and defenses, Defendants' potential monetary exposure and the bases for any such calculations, the strengths and weaknesses of Plaintiff's case and Defendants' defenses, any other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, the litigation and negotiation process, as well as any other issues that might be pertinent to the question of whether the settlement is reasonable (for example, the collectability of any judgment if the case went to trial).

The Court notes that, "where the parties enter into bifurcated settlement agreements to dismiss the suit with prejudice—in which one agreement resolves the FLSA claims and the other all non-FLSA claims—a court must take into account at least the existence of the non-FLSA settlement in assessing the reasonableness of the FLSA settlement." Doe v. Solera Cap. LLC, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). Accordingly, if the parties propose bifurcated settlement agreements for their FLSA and non-FLSA claims, the parties shall email to Chambers (cave_nysdchambers@nysd.uscourts.gov) the non-FLSA agreement for in camera review. See Torres v. Mc Gowan Builders, No. 18 CV 6099 (RML), 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020) (permitting non-FLSA agreement to be filed under seal pending in camera review, and declining to approve settlement because the non-FLSA agreement included confidentiality and general-release provisions "that would be impermissible if included in the FLSA settlement agreement").

The joint Letter-Motion should also explain the attorneys' fee arrangement, attach a copy of any retainer agreement, and provide information as to actual attorneys' fees expended (including billing records and costs documentation). Finally, a copy of the settlement agreement itself must accompany the joint Letter-Motion.

Dated:  New York, New York
        October 27, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**