November 10, 2022

**VIA ECF**
Hon. Sarah L. Cave
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Lau v. Wells Fargo & Company, et al.*, Case No. 1:20-cv-03870-SLC
     Plaintiff's Unopposed Motion for Approval of FLSA Settlement

Dear Judge Cave:

   Pursuant to this Honorable Court's Order to Submit Settlement Materials, dated October 27, 2022, Plaintiff Thomas Lau files this Unopposed Motion for Approval of FLSA Settlement and would respectfully show as follows:

# I.  INTRODUCTION

   Plaintiff files this unopposed letter-motion for approval of the parties' FLSA Settlement Agreement, along with the attached declaration of Plaintiff's counsel, Rhonda H. Wills (Ex. 1). Plaintiff Thomas Lau is a former Private Mortgage Banker ("PMB") who worked for Wells Fargo in the State of New York and claims that he is entitled to unpaid overtime wages, liquidated damages, attorneys' fees, and expenses for alleged overtime violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Mr. Lau claims that Defendants failed to pay him for off-the-clock work performed before the start of his shift, at the end of his shift, during uncompensated meal periods, and on weekends.

   On October 27, 2022, the Parties reached a fully executed settlement regarding this matter. The settlement is bifurcated; the settlement of Mr. Lau's FLSA claims is discussed herein, and the settlement of Mr. Lau's NYLL claims is being submitted for *in camera* review. Attached hereto as Exhibit 2 is a copy of the FLSA Settlement Agreement ("Settlement Agreement") for the Court's review and approval. Plaintiff faced litigation risks as to both liability and damages, including: (1) overcoming Defendants' defenses; (2) proving willfulness in order to obtain a third year of FLSA damages; and (3) the possibility that Plaintiff could receive damages that were far less at trial. In light of these risks, the Settlement Agreement is fair because it provides Plaintiff with compensation and adequate value for his claims in light of the risks involved, while avoiding the uncertainty inherent in litigation. The amount that Plaintiff will receive reflects a careful balancing of the maximum potential recovery that Plaintiff might have obtained had he succeeded on all FLSA claims and the risk that his claims would not ultimately prevail in whole or in part. The Parties' Settlement Agreement should be approved for the reasons set forth below.

# II.  ARGUMENT AND AUTHORITIES

   In FLSA cases, the Second Circuit instructs that Rule 41(a)(1)(A)(ii) of the Federal Rules

of Civil Procedure requires a district court to review a settlement agreement to determine that the settlement is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Fisher v. SD Prot., Inc.*, 948 F.3d 593 (2d Cir. 2010); *see also Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335, 338 (S.D.N.Y. 2012) ("[B]efore a district court enters judgment[,] it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."). To determine whether the proposed settlement is fair and reasonable, courts consider the totality of the circumstances, including the following factors from *Wolinsky v. Scholastic, Inc.*:

> (1) The plaintiff's range of possible discovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal citations omitted); *see also Fisher*, 948 F.3d at 600 ("District courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky* . . . .").

Wolinsky also held that a court should consider certain "public interest" factors when determining if a settlement under the FLSA should be approved. *Id.* at 336. These factors include: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) "the desirability of a 'mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). Under the totality of the circumstances, these factors do not weigh against settlement. Further, the Parties' settlement is fair and reasonable.

## A.    Plaintiff's Settlement Amount Is Fair and Reasonable.

### 1.    The Settlement Agreement Provides Mr. Lau With a Fair and Reasonable Recovery Considering the Totality of the Circumstances.

The first *Wolinsky* factor requires the court to assess the plaintiff's range of possible recovery. *Wolinsky*, 900 F. Supp. 2d at 335. The determination of whether a settlement amount is reasonable "does not involve use of a mathematical equation yielding a particularized sum." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (internal quotations omitted). "Instead, 'there is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* at 186 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

Here, the amount reflected in the Settlement Agreement is fair and reasonable considering the totality of the circumstances, and is in the best interest of Plaintiff. Mr. Lau's counsel examined Wells Fargo's pay records showing his work periods and compensation structure. The Parties

disagreed on the potential damages Plaintiff could potentially recover based on his theory of the case. Plaintiff's calculations assumed, of course, that Mr. Lau would be successful in all FLSA violations alleged, and was to obtain the maximum recoverable liquidated damages under the FLSA.  For example, Plaintiff's calculations assumed (1) that Mr. Lau worked all of the overtime hours he claims he worked; (2) the underpayment was willful, which allows a three-year look back period of recovery under the FLSA; and (3) Defendants did not act in good faith, therefore entitling Mr. Lau to liquidated damages under the FLSA. If, for example, Defendants prevailed on the willfulness issue, a two-year statute of limitations would apply to the matter, effectively eliminating the overall FLSA damage profile.

The Settlement Agreement provides for a settlement of $24,444.46 (including fees and expenses), with Mr. Lau receiving $14,666.68 to settle his FLSA claims against Wells Fargo.  The amount that Mr. Lau will receive reflects a careful balancing of the strengths of the underlying claims and the risk that his claims might not ultimately prevail in all respects.  The Settlement Agreement (Ex. 2) provides the following amounts for unpaid wages and liquidated damages to Mr. Lau: (1) $7,333.34 in unpaid wages; and (2) $7,333.34 in liquidated damages.   In addition to these amounts being paid directly to Mr. Lau for unpaid wages and liquidated damages, Defendants will pay $9,777.78 in attorneys' fees and costs to Mr. Lau's attorneys.  Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement is reasonable.

## 2.    Plaintiff Faced Litigation Risks, and the Settlement Enables Plaintiff to Avoid Anticipated Burdens and Expenses in Establishing His Claims.

The second and third *Wolinsky* factors contemplate the parties' litigation risks, as well as whether the settlement enables the parties to avoid anticipated issues establishing their claims and defenses. *Wolinsky*, 900 F. Supp. 2d at 335. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement," and "approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Tiro v. Public House Invs.*, LLC, No. 11 Civ. 7679 (CM), 2013 U.S. Dist. LEXIS 129258, at *31–32 (S.D.N.Y. Sept. 10, 2013).   Among other things, there are legitimate and substantial disagreements among the Parties regarding: (a) the number of hours, if any, Plaintiff allegedly worked off-the-clock each workweek; and (b) whether any alleged FLSA violation was willful which affects the length of the applicable statute of limitations and amount of Mr. Lau's potential recovery.  Had the Parties continued to litigate this lawsuit and had Defendants ultimately succeeded on some or all of these issues, Mr. Lau's damages could have been reduced or foreclosed entirely.

Mr. Lau contended that he worked an average of 57 hours per workweek and should have been paid overtime for all hours over 40 per workweek. Under the FLSA, Mr. Lau sought to be paid one-and-a-half times his regular hourly rate, including commissions, for all hours worked over 40 per workweek. Wells Fargo disputed whether Mr. Lau could demonstrate Wells Fargo's actual or constructive knowledge of his off-the-clock work. Here, the Parties' settlement is fair and reasonable because this matter is greatly contested with respect to the facts at issue and whether Mr. Lau would ultimately prevail on his claims.  The Settlement Agreement accounts for these risks involved in resolving the Parties' claims and defenses at trial. *See, e.g., Coronel v. Hudson*

*Anchor Seafood Rest.*, No. 21-cv-9329 (AEK), 2022 U.S. Dist. LEXIS 195232, at *5 (S.D.N.Y. Oct. 26, 2022) (noting that the plaintiff faced "significant litigation risks" because defendants "kept detailed time records" and "maintain[ed] that [Plaintiff] was properly compensated for all hours worked"); *Lesser v. TIAA Bank*, No. 19-CV-1707 (BCM), 2020 U.S. Dist. LEXIS 194281, at *5 (S.D.N.Y. Oct. 20, 2020) (settlement equal to 25% of maximum possible recovery was reasonable because it equaled Plaintiffs' "likely recovery if they were to prevail on the misclassification issue but [Defendants] were to prevail on the number of hours they worked"); *Medley v. Am. Cancer Soc.,* No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010) ("[T]his settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.").

      **3.**      **The Settlement Agreement Is the Product of Arm's-Length Bargaining Between Experienced Counsel, and No Fraud or Collusion Exists Between the Parties.**

The fourth and fifth *Wolinsky* factors require the Court to find that the settlement is an arm's-length agreement reached in good faith based on the Parties' mutual understanding of the risks and benefits of continued adversarial proceedings versus settlement. *Wolinsky*, 900 F. Supp. 2d at 335. "In FLSA settlements . . . arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion." *Diaz v. Scores Holding Co.,* No. 07 Civ. 8718 (THK), 2011 U.S. Dist. LEXIS 112187, at *8–9 (S.D.N.Y. July 11, 2011). Here, the settlement is the result of extensive arm's-length negotiations between the Parties' counsel. The Parties engaged in a settlement conference, and only as a result of the conference were the Parties able to come to a resolution.

Based upon the understandings and assessments of each party, the Parties, acting at arms-length, in good faith, and with the advice of counsel, have negotiated and entered into the Settlement Agreement. In exchange for these payments, Plaintiff agrees to release Defendants from any and all FLSA claims he may have against Defendants as of the date of the release (as more thoroughly described in the Settlement Agreement), including, but not limited to, claims for unpaid overtime and minimum wages, liquidated damages, costs, litigation expenses, interest and attorneys' fees. *See* Ex. 2. Furthermore, Plaintiff and Defendants are each represented by counsel experienced in litigating wage and hour disputes, and FLSA claims in particular, and Plaintiff has been represented by counsel at all times since this lawsuit was commenced. *See* Ex. 1.

**B.**      **The *Wolinsky* Public Policy Considerations Support Approval of the Settlement Agreement.**

*Wolinsky* held that a court should consider certain public policy factors when determining if a settlement under the FLSA should be approved. *Wolinsky*, 900 F. Supp. 2d at 336. There, the court held that the following factors may weigh against approval:

      (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of

the governing factual or legal issue to further the development of the law either in
general or in an industry or in a workplace.

*Id.* However, the Second Circuit's opinion in *Fisher v. S.D. Prot., Inc.*, 948 F.3d 593, 600 (2d Cir.
2020), omitted the public policy factors when listing the factors to be considered in an FLSA
settlement.

Nevertheless, these factors weigh in favor of approving the settlement. This is a suit
brought by an individual plaintiff, and he will be the only employee of Defendants affected by this
settlement. *See Coronel v. Hudson Anchor Seafood Rest.*, No. 21-cv-9329 (AEK), 2022 U.S. Dist.
LEXIS 195232, at *5–6 (S.D.N.Y. Oct. 26, 2022). Only Mr. Lau, who is being paid in this
settlement, is waiving any claims. *Gonzalez v. Victoria G's Pizzeria, LLC*, No. 19-CV-6996 (DLI)
(RER), 2021 U.S. Dist. LEXIS 258611, at *6–7 (E.D.N.Y. Nov. 12, 2021) (finding release that
was limited to FLSA and NYLL claims to be "sufficiently narrow in scope"). Mr. Lau is no longer
employed by Defendants, and it is unlikely that the circumstances giving rise to this suit will recur.
*Coronel*, 2022 U.S. Dist. LEXIS 195232, at *5–6; *see also Canales v. Norwich Serv. Station, Inc.*,
No. 20-CV-4759 (JMW), 2021 U.S. Dist. LEXIS 231980, at *9 (E.D.N.Y. Dec. 3, 2021) ("As
Plaintiff no longer works for Defendants, his circumstances will obviously not recur.").
Additionally, Mr. Lau's claims to recover unpaid overtime did not present novel issues under the
FLSA. *Coronel*, 2022 U.S. Dist. LEXIS 195232, at *5–6.

Further, the Settlement Agreement does not undermine the policy considerations of the
FLSA. Plaintiff's counsel is under no bar from bringing future actions should any former Wells
Fargo employees seek their counsel. *See Cheeks*, 796 F.3d at 203 (finding a settlement agreement
which restricted the plaintiffs' attorney from filing future cases against employer was properly
rejected because the provision was specifically designed to avoid other employees bringing
claims). Approving a settlement that provides a payment of $14,666.68 to Mr. Lau does not thwart
any legislative purpose of the FLSA. Accordingly, the settlement should be approved.

## C.    This Court Should Approve Plaintiff's Attorneys' Fees and Costs Because the Amounts are Reasonable and Were Negotiated at Arms-Length.

The settlement agreement provides that Plaintiff's counsel shall receive $9,777.78 as
payment for their services with respect to Plaintiff's FLSA claims. Plaintiff's counsel is entitled to
a reasonable fee award and that fee award has been negotiated between the parties.  29 U.S.C.
§ 216(b) ("The Court...shall, in addition to any judgment awarded to the plaintiff or plaintiffs,
allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Misiewicz
v. D'Onofrio Gen. Contractors Corp.*, No. 08-cv-4377 (KAM)(CLP), 2010 U.S. Dist. LEXIS
60985, at *13–16 (E.D.N.Y. May 17, 2010) (reviewing attorney's fees agreed to in settlement of
an individual FLSA claim for reasonableness).

Federal courts encourage litigants to resolve fee issues by agreement whenever possible.
*See, e.g., M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 829 (D. Mass.
1987) ("Whether a defendant is required by statute or agrees as part of the settlement of a class
action to pay the plaintiffs' attorneys fees, ideally the parties will settle the amount of the fee
between themselves."); *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In

cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically and professionally arrive at a settlement as to attorney's fees."). The Second Circuit has held that a district court's role in considering the reasonableness of any requested attorneys' fees in FLSA settlements is to ensure that the settlement is fair and reasonable to the employee seeking to resolve his dispute. *Fisher v. S.D. Prot., Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). However, a court may not alter the settlement terms and reduce requested fees, which is a term of the settlement. *Id.* at 602.

The virtue of a fee negotiated by the Parties at arm's-length is that it is, in effect, a market-set price. Defendants have an interest in minimizing the fee, and Plaintiff has an interest in maximizing it. The negotiations regarding attorneys' fees are informed by the Parties' knowledge of the work done, the results achieved, and their views on what the court might award if the matter were litigated. In *In re Continental Illinois Securities Litig.*, 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests:

> [The district court judge] thought he knew the value of the class lawyers' legal services better than the market did. . . . [B]ut it is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order.

*Id.* at 568. Because "[m]arkets know market values better than judges do," the court's "object in awarding a reasonable attorney's fee . . . is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." *Id.* at 570, 572. Accordingly, "[n]either the text nor the purpose of the FLSA . . . supports imposing a proportionality limit on recoverable attorneys' fees." *Fisher*, 948 F.3d at 603. In FLSA cases, "a fee may not be reduced merely because the fee would be 'disproportionate to the financial interest at stake in the litigation.'" *Id.* at 604 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

Here, the Settlement Agreement, including the amount for attorneys' fees and costs, was negotiated at arm's length by sophisticated counsel familiar with the case, the risks for both sides, the nature of the result obtained for the Plaintiff, and the magnitude of the fee the Court might award if the matter were litigated. Thus, the negotiated fee is entitled to a presumption of reasonableness and should be approved. *See, e.g., Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (approving FLSA settlement because "[w]here the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees") (internal quotations omitted)).

Plaintiff's counsel represent that the amount allocated for attorneys' fees and costs is fully supported by time records and includes expenses incurred in relation to all of Plaintiff's claims, such as electronic legal research, deposition costs, copy costs, and court costs. The Settlement Agreement provides for the payment of $9,777.78 in attorneys' fees and costs.[1]

The parties faced a number of disputed discovery issues and engaged in substantial discovery. The Parties involved the Court on more than one occasion regarding, for example, the

---

[1] Settlement Agreement (Ex. 2); Wills Decl. at ¶ 22 (Ex. 1).

topics to be covered in the deposition of Wells Fargo's designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).  Ultimately, discovery included the production and analysis of thousands of pages of Plaintiff's timekeeping and payroll documents, as well as employee handbooks and Plaintiff's personnel file documents.  Plaintiff filed a letter motion to compel the deposition testimony of Wells Fargo's corporate representative regarding nearly two dozen contested topics.  Plaintiff also deposed four current Wells Fargo employees, including Plaintiff's manager and three co-workers.

Plaintiff's counsel and her law firm, Wills Law Firm, PLLC, expended collectively 318.6 hours of professional services that results in a value of $129,385.00, if charged on an hourly basis at reasonable rates in the legal market.[2]  Plaintiff's counsel is paid on Plaintiff's FLSA claims at a blended rate of $30.69 per hour when taking into account their 318.6 hours of work on this matter and the payment of $9,777.78 in attorneys' fees on Plaintiff's FLSA claims.

Accordingly, the value of the time expended by Plaintiff's counsel greatly exceeds the amount allotted for attorneys' fees in the Settlement Agreement.  Plaintiff's counsel has provided detailed time records showing the time spent by attorneys working on these cases and billing information detailing every expense incurred.  Plaintiff has signed the Settlement Agreement in which he has agreed to this settlement of attorney's fees and costs.  As the Parties agreed to this fee allocation in connection with the arm's-length settlement negotiations, and the amount is reasonable under the circumstances, Plaintiff respectfully requests that this Court approve the fee and costs award.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court review the attached Settlement Agreement (Ex. 2) and issue an Order approving the Settlement Agreement and dismissing this lawsuit with prejudice with each side bearing its own attorneys' fees and costs, except to the extent provided for in the Settlement Agreement.

Dated: November 10, 2022                          Respectfully submitted,

                                                  s/ Rhonda H. Wills
                                                  Rhonda H. Wills
                                                  New York Bar No. 5373295
                                                  rwills@rwillslawfirm.com
                                                  Patrick J. Raspino (*pro hac vice*)
                                                  praspino@rwillslawfirm.com
                                                  WILLS LAW FIRM, PLLC
                                                  1776 Yorktown, Suite 570
                                                  Houston, TX 77056
                                                  Telephone: (713) 528-4455

                                                  *Attorneys for Plaintiff*

---

[2] Wills Decl. at ¶ 16 (Ex. 1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS LAU,

     Plaintiff,

         vs.                      Case No. 1:20-cv-03870-SLC

WELLS FARGO & COMPANY and WELLS
FARGO BANK, N.A.,

     Defendants.

**[PROPOSED] ORDER**

On November 10, 2022, Plaintiff Thomas Lau filed an Unopposed Letter Motion for Approval of FLSA Settlement, requesting approval of the Settlement Agreement and resolution and dismissal of all FLSA claims against Defendants by Plaintiff, with prejudice to refiling. After considering the Parties' request, the Court ORDERS that the Parties' Motion be GRANTED.

The Court incorporates the terms of the FLSA Settlement Agreement on file into this order and finds that the Parties are represented by counsel, the settlement was negotiated at arm's length, the settlement fairly resolves a *bona fide* wage dispute, and the terms of the settlement and apportionment of the proceeds are fair and reasonable. In sum, the settlement is in the best interests of the Plaintiff. Plaintiff's FLSA claims against Defendants are dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____                    _____

      New York, New York                              HON. SARAH L. CAVE
                                      U.S. Magistrate Judge