DocuSign Envelope ID: CF6BE9A2-D06C-46B0-9B98-37C3D159BE56

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Thomas Lau, an individual, on behalf of himself, his agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("Lau"), and Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") (Wells Fargo and Lau together, the "Parties").

WHEREAS, a dispute exists between Lau and Wells Fargo that resulted in a lawsuit in the United States District Court for the Southern District of New York (the "Court"), titled *Thomas Lau v. Wells Fargo & Company and Wells Fargo Bank, N.A.*, Civil Action No. 1:20-cv-03870-PAE (the "Lawsuit"), alleging that Wells Fargo did not pay Lau overtime compensation purportedly owed under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") or provide meal breaks.

WHEREAS, Wells Fargo denies all material allegations and claims asserted in the Lawsuit.

WHEREAS the Parties have fully litigated this matter, exchanged discovery, and engaged in arms' length negotiations.

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Lau's claims, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Wells Fargo.

WHEREAS, the Parties desire to compromise and settle, without any admission of liability or fault, Lau's FLSA claims and are asking the Court to approve the Parties' settlement of the FLSA claims.

WHEREAS Lau, through Lau's Counsel, made a thorough and independent investigation of the facts and laws relating to the allegations in the Lawsuit, and concluded that the terms of this Agreement are fair, reasonable, and adequate and that it is in the best interests of Lau to resolve and settle the FLSA claims and waive and release the FLSA claims, pursuant to the terms set forth herein.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

1. **Released Claims**. In exchange for the consideration described in this Agreement, Lau irrevocably and unconditionally waives, releases, and forever discharges Wells Fargo and its parents, divisions, subsidiaries, affiliates, sibling entities, investors, staffing agencies, predecessors, and successors and each of their current and former owners, directors, officers, members, fiduciaries, insurers, employees, attorneys, representatives, and agents, respectively, (collectively, the "Released Parties"), from any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, from the beginning of time through the date of execution of this Agreement, whichever is later, that any Lau may have against any or all of the Released Parties, including any claims for, arising from,

**EXHIBIT 2**

or related to the FLSA, including, but not limited to, the FLSA claims brought in the Lawsuit or that could have been brought in the Lawsuit (the "Released Claims").

2. **Bona Fide Dispute.** The Parties acknowledge and agree that this Agreement fully and finally resolves a bona fide dispute between them, including whether Lau is due additional compensation under the FLSA and, if so, the amount due, and whether Wells Fargo's actions were willful or taken in good faith. Lau expressly represents, acknowledges, and agrees that he is represented by counsel, has been fully advised by an attorney of his choosing as to his rights with respect to his disputed claims, and that the waiver and release of rights hereunder is enforceable in these circumstances, that he has been advised by his counsel that such waiver and release of rights is final, and that the payment offered and provided hereunder is a fair, equitable, and enforceable resolution of all Released Claims, including all claims arising out of or relating to the FLSA.

3. **Rights and Claims Excluded from Waivers and Releases.** This Agreement does not waive any rights that cannot be waived by law.

4. **Non-Admission of Liability.** The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Wells Fargo or any of the Released Parties.

5. **Payment.** In exchange for the promises made by this Agreement, and in consideration for all the terms agreed to by Lau in this Agreement, Wells Fargo will pay Lau the sum of TWENTY-FOUR THOUSAND FOUR-HUNDRED AND FORTY-FOUR DOLLARS and 44/100 ($24,444.46) (the "Settlement Proceeds"). Wells Fargo will cause the Settlement Proceeds to be delivered by issuing three checks and payable as follows:

   (i) **Alleged Fees and Costs.** Payment to Lau's attorneys made out to "Wills Law Firm PLLC" (tax identification number REDACTED, in the amount of NINE THOUSAND SEVEN HUNDRED SEVENTY-SEVEN DOLLARS and 78/100($9,777.78), representing the alleged attorneys' fees for work related to Lau's FLSA claims. Wells Fargo will issue a Form 1099 to "Wills Law Firm PLLC" for this amount.

   (ii) **Alleged Wages.** Payment to Lau in the amount of SEVEN THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS and 34/100 ($7,333.34). Wells Fargo will make all required withholdings, such as FICA and FUTA taxes, from this payment. In the ordinary course of business, Wells Fargo will issue an IRS Form W-2 to Lau to reflect this payment.

   (iii) **Alleged Liquidated Damages.** Payment to Lau in the amount of SEVEN THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS and 34/100 ($7,333.34). In the ordinary course of business, Wells Fargo will issue an IRS Form 1099 to Lau to reflect this payment.

Lau's counsel shall have no right independent of this Agreement to seek fees or costs related to Lau's FLSA claims. Subject to court approval, the aforementioned checks will be issued within

21 days after entry of the order dismissing Lau's FLSA claims with prejudice. Wells Fargo will not oppose an award of attorneys' fees in the amount allocated by Lau's counsel as fees. If the Court orders a reduction of the fees as a condition of approval of this Agreement and entry of a judgment dismissing Lau's FLSA claims with prejudice, the Parties agree that (i) this Agreement remains in effect, (ii) the Settlement Proceeds shall remain the same, and (iii) Lau's counsel will reduce the amount allocated to fees in such amount as necessary to obtain approval from the Court. The Parties agree that the difference between the amount of fees set forth in this Agreement and any reduction approved by the Court shall be reallocated and paid to Lau.

6. **Court Approval and Dismissal.** Within five business days following execution of this Agreement, Lau's counsel shall file with the Court a motion to approve of this Agreement and entry of judgment dismissing with prejudice the FLSA claims contained in the Lawsuit. Lau's counsel shall provide a copy of the Motion for Approval to Wells Fargo to review and provide comments. The Parties acknowledge and agree that Wells Fargo shall have no obligations to pay the Settlement Proceeds, and this Agreement shall be null and void, if: (i) the Court does not grant the motion to approve this Agreement and enter a judgment contemplated in the preceding sentence of this Section 6; or (ii) the FLSA claims contained in the Lawsuit are not dismissed with prejudice in their entirety in a judgment as contemplated herein.

7. **Indemnification.** Lau agrees to indemnify and hold Wells Fargo and the Released Parties harmless with respect to any taxes, interest, or penalties related to payments received by Lau with respect to taxes owed by Lau. Specifically, Lau agrees to indemnify and hold Wells Fargo and the Released Parties harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Lau's failure to pay taxes for which he is responsible. Wells Fargo and the Released Parties do not make any warranty or representation to Lau's or Lau's counsel regarding the tax consequences of any payments.

8. **Lau's Additional Representations and Warranties.** Lau represents and acknowledges the following facts: Lau has full authority to enter into this Agreement. Lau is entering into this Agreement voluntarily and with full knowledge of its significance. Lau has not been coerced, threatened, or intimidated into signing this Agreement. Lau has been advised to consult with, and has in fact consulted with, a lawyer prior to entering into this Agreement. Lau has been given a reasonable amount of time to consider this Agreement. Lau is settling disputed claims that were negotiated at arms' length by counsel for Lau and counsel for Wells Fargo.

9. **Miscellaneous.**

   a) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the cannon of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to this Agreement.

   b) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York regardless of whether any party is, or may hereafter be, a resident of another state.

c) **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. Emailed or faxed copies of original signatures shall be considered the equivalent of original signatures.

d) **Entire Agreement.** This Agreement sets forth the entire agreement between Lau and Wells Fargo regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements concerning the subject matter of this Agreement. No amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by both Lau and Wells Fargo.

e) **No Reliance.** Lau acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those made by his counsel and those set forth in this Agreement.

f) **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.

g) **Assignment and Ownership of Claims.** This Agreement is not assignable, in whole or in part, by Lau. Lau represents that he has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement, except with respect to his agreement to pay his attorneys. Lau further agrees to indemnify and hold harmless Wells Fargo against any and all claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

h) **Knowing and Voluntary Acceptance.** Lau understands and acknowledges that it is Lau's choice whether or not to enter into this Agreement and that Lau is entering into this Agreement of his own free will. Lau further acknowledges and agrees that he has carefully read, fully understands, and agrees to all of the provisions of this Agreement and that he knowingly and voluntarily enters into this Agreement of his own free will.

*Remainder of page left intentionally blank.*

IN WITNESS WHEREOF, the Parties voluntarily and without coercion set forth their hands on the respective dates provided below, as their free acts and deeds.

**I HAVE CAREFULLY READ THE FOREGOING SETTLEMENT AGREEMENT AND I FULLY UNDERSTAND EACH OF ITS TERMS. I HAVE FULL KNOWLEDGE AND UNDERSTANDING OF ITS LEGAL CONSEQUENCES.**

Thomas Lau:

*/s/ Thomas Lau*

Date: Oct 21, 2022

Wells Fargo Bank, N.A.

By: *Sue Barber* (DocuSigned by, B9381FB2B6404C6...)

Its: Sr Vice President

Date: 10/27/2022 | 2:08:46 PM PDT

5

88013678v.1