UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS LAU,

                    Plaintiff,

-v-

                    CIVIL ACTION NO.: 20 Civ. 3870 (SLC)

WELLS FARGO & COMPANY and WELLS FARGO BANK N.A.,

                    **ORDER APPROVING SETTLEMENT**

                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this case involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law ("NYLL"), reached a settlement in principle (the "Settlement"), and thereafter consented to my jurisdiction under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 for all purposes. (ECF Nos. 107, 111; ECF minute entry Sept. 27, 2022). The parties have now submitted a joint motion in support of the Settlement (ECF No. 113), and proposed settlement agreement concerning Lau's FLSA claims (ECF No. 113-2 (the "FLSA Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).[1] In addition, after the Court raised, in a telephone conference with the parties (ECF

---

[1] The parties have entered into a separate settlement agreement concerning Lau's state-law claims (the "New York Agreement"), which does not appear to require judicial review. See Fisher v. SD Prot. Inc., 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval."); Pavone v. Diesel U.S.A., Inc., No. 21 Civ. 5219 (PAE), 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (noting that separate settlement of state-law discrimination claims was not subject to judicial review). Nevertheless, in an abundance of caution, the parties submitted and the Court reviewed in camera the New York Agreement, which contains no basis on which the Court could conclude that the parties' use of a separate agreement for non-FLSA claims "has been used here to end-run legal limitations on the settlement of the FLSA claims." Pavone, 2022 WL 1177344, at *2.

No.114; ECF min. entry Nov. 30, 2022), concerns about the scope of the release in the FLSA Agreement, the parties revised and resubmitted the FLSA Agreement with a release limited to "any and all wage and hour claims, and claims asserted in this action against Wells Fargo, as of the date of execution[.]"  (ECF No. 115-1 at 1 ¶ 1).  See Hassan v. Classic Food Inc., No. 20 Civ. 7549 (OTW), 2022 WL 17539116, at *2 (S.D.N.Y. Dec. 8, 2022) (approving release that was "appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and [did] not seek to exceed the scope of wage-and-hour issues") (citing Caprile v. Harabel Inc., No. 14 Civ. 6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015)).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Having carefully reviewed the Motion, the FLSA Agreement and accompanying exhibits, and having participated in a lengthy conference that led to the Settlement and a follow-up telephone conference with the parties, the Court finds that all of the terms of the Settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the Settlement.

This action is dismissed with prejudice and without costs except as may be stated in the FLSA Agreement.  The Court will retain jurisdiction to enforce the FLSA Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close ECF No. 113, mark it as "granted," and close this case.

Dated:     New York, New York
              December 12, 2022

                                      SO ORDERED.

                                      _____
                                      SARAH L. CAVE
                                      **United States Magistrate Judge**